and 171964, United States v. Courtney Williams. May it please the Court, Jessica LeClaire for Courtney Williams. I would like to reserve one minute for rebuttal. Attorney LeClaire, since this case has had such a long and winding road, why don't you just take a few minutes to go over points of agreement. There have been some concessions and intervening case law and then tell us what's still in contention from your perspective. So count 4, the 924C count, using a firearm in a crime of violence, the government has conceded that that case, that conviction needs to be reversed. The indictment needs to be dismissed and the case sent back for resentencing. We agree with that. And that would render essentially moot all of the sentencing issues that were raised in the initial brief. And so that leaves count 3 under rehafe, the felon in possession conviction, which we're challenging under rehafe. And that leaves two evidentiary errors at trial, the issue of the erroneous admission of the co-conspirator statements and the error in the jury instructions. Can I just understand something about the sentencing? Yes. Why are all the sentencing issues moot? I know there has to be a resentencing in light of 924C, but aren't some of the decisions as to sentencing going to reappear on remand? And why would those be, from your perspective, moot, like the criminal history category analysis, the question of whether the other provisions could be crimes of violence, etc., the career offender guide? I think that there has been, and I don't have a case to cite to you, but there's been development in the case law in terms of what the career offender guide, like what prior convictions are going to be qualifying offenses, and it's not clear that he would be a career offender anymore because the, well, we challenged that below. I think that we have to have the opportunity to challenge that below, and I don't think it needs to be resolved. I just want to leave it to the district court for further consideration. Right, well, that's, yes, your honor. Didn't he agree to some of the underlying crimes in the career offender category? We did not appeal whether assault with a dangerous weapon was a career offender predicate. That's correct. But won't the issue with the main robbery be live on remand? And aren't you going to be stuck with the district court's ruling on the main robbery conviction qualifying? Well, your honor, he wouldn't have been convicted of a triggering offense. If we get rid of count 4, 924C, use of a firearm in furtherance of a crime of violence, and conspiracy to commit Hobbs Act robbery. Yeah, but you have to get rid of conspiracy to commit Hobbs Act robbery then. Yes. But if you don't, then the main robbery thing becomes relevant, doesn't it? Yes, your honor, but I think that conspiracy to commit Hobbs Act robbery is going to be reviewed in light of new case law that's come about. Well, I mean, I apologize that I did not prepare to answer that question because I was in agreement with the government that this would be remanded for resentencing and that we'd have an opportunity, but, so. Have you talked to the prosecutor?  Have you spoken with the prosecutor? No. USAG? Other than the 16L, the 28J letter, no. So you don't know if he's in agreement with you as to what issues are still alive and what the government's position is going to be upon remand? Other than written concessions. I don't know if conspiracy to commit Hobbs Act robbery as a trigger for the career offender guidelines is going to be a live issue. That's true. Yes, your honor. And perhaps we could confer and file a letter with the court to let the court know following the argument? We're going to ask them. Okay. You'll know before you leave. So I'd like to address the Rahafe issue if I could. Yes. And Rahafe says that the defendant must know, have knowledge of his prohibited status. And what matters in this case is that has two criteria, two very important criteria. He must know he's been convicted and he must know that the crime was punishable by a term exceeding one year. Those are two separate components and they're not as simple as the government would suggest. A crime punishable by a term exceeding one year actually has another definition, which I submitted in the 28J letter, and it does not include a crime punishable by a term exceeding one year, does not include any state offense classified by the laws of the state as a misdemeanor, and punishable by a term of imprisonment of two years or less. And if you look at the indictment, the first three alleged felonies were prosecuted as misdemeanors under Massachusetts law, and my client did not receive a sentence exceeding two years. The sentence was two years or less. So whether he would have knowledge of that status is something that he would have been entitled to litigate, in which the grand jury would have had to find. This case raises the question of whether or not a defendant who has had a case continued without a finding, or a defendant who tenders an Alford plea, or a case where the defendant is adjudicated as a youthful offender, does that qualify as a conviction under state law? Are we going to review that for plain error since it wasn't raised below? I argue that this is a jurisdictional error because that particular statute, 924A2, was not specified in the indictment, and the knowledge of status element is what separates innocent conduct from prohibited conduct. However, even under plain error, we would succeed because when the defendant has not been indicted, when the grand jury has not passed on that element, and when the defendant has not had a notice, an opportunity to contest that element, and to discuss it with, then that would be, his substantial rights would be impacted. And I would point, if I could finish my sentence. We'll give you another minute since we interrupted. I would point the court to Kohler v. Reardon and United States v. Murphy, which say that when the defendant is not even aware of the element that he must defend, that affects substantial rights and the fairness and integrity of the proceeding. So we're asking that the court dismiss that indictment. Thank you, Your Honor. Thank you. Your Honors, may it please the court, Attorney Luke Creel for Victor Lara. The issue unique to Mr. Lara's case is one of his speedy trial rights as guaranteed by the United States Constitution. In assessing a speedy trial claim such as this, this court must, of course, consider the four factors laid out in the Barker case that include the length of the delay, the reasons for the delay, the defendant's assertion of his rights, and the prejudice caused by the delay in his trial. The significant crux of the issue in our case is, first, what time will be used to count the length of delay? And second, the issue of prejudice. Is the prejudice the Hartford question? Excuse me, Your Honor? Is the prejudice the Miles Hartford question, the death? Well, I mean, that's certainly part of it. The government seems to focus on the question of showing a prejudice to his actual ability to present the defense at trial, which is certainly a part of the prejudice inquiry this court should engage in. But beyond that, what other prejudice could there have been here by the delay, other than delay? Well, the three categories of prejudice have traditionally been recognized. The preventing the oppressive pretrial incarceration of an individual, the anxiety and stress of having a pending criminal charge, and then the prejudice to his ability to present a case at trial. And the court has repeatedly recognized, this court and the United States Supreme Court, that it will be very difficult, if not impossible, to prove that third prejudice prong, because it's hard to show how time has eroded. But hadn't Hartford, Hartford is the witness that you are concerned about. Yes. Wasn't Hartford dead by the time that this case was brought? Well, he was, he was, he died after Mr. Lahr was brought into custody on robbery charges. He died during the pendency of Mr. Lahr's state robbery charges, which were dismissed in favor of the federal prosecution. So he died fairly early on in this process. That is correct, some five months into the process. So it's hard to say that that delay at that point affected what was going to happen in any event. In the federal case, yes. The federal case had not been indicted yet, or he had not been arrested on the federal charges yet. So if we start the clock from the beginning of the federal case, the prejudice is the prejudice of the first two crimes? Well, Your Honor, yes. There's some trial-related, defense-related prejudice that you can identify with respect to the federal case. Right, Your Honor. It really is with regard to the first two crimes. I cannot point to a specific piece of evidence that would have been different had the case been processed more. Do you have any case where there isn't prejudice of that third type, and the delay is of this duration, which is presumptively wrong, but it's not? It's just past the point that triggers the presumption, and there's no evidence of bad faith? Sure. I can't think of a case off the top of my head that involves an approximately 18-month delay where that's happened. But this Court has been willing to recognize in other contexts. I'm thinking of Honda in particular, where there is no showing of exact tangible prejudice, but that there is a substantial delay which is presumptively prejudicial, and the Court has reasoned that that is enough to find a speedy trial violation in Honda. The Court below granted the motion to dismiss, reasoning that at least some witnesses could be required, and a delay surely contributed to fading memories. How long was the delay in Honda? Well, that was a delay of six years, where Mr. Honda had been indicted, apparently without his knowledge, left the country for many years, returned to be arrested. Now, he didn't even know that a criminal case was pending. He was never incarcerated pre-trial, and so he didn't have anxiety or pre-trial incarceration. He relied solely on the presumptive prejudice, even though he could show no direct tangible prejudice. And this Court affirmed the dismissal of his case on speedy trial grounds. Well, in the context of this case, were there any witnesses that complained of fading memories? Well, there were certainly witnesses that testified to a lack of recollection on certain respects, as I recall. The testimony of Heidi Hutchison was essential to the government's case. What didn't she remember? There was substantial question about who and when there was mention of Percocet pills at the home that was designed to be robbed. She relied on statements that she recalled years prior from an individual who died, Myles Hartford, to establish the claimed conspiratorial intent to rob Percocet pills, not to rob cash money, which was another potential reason for the robbery. The passage of time certainly made it difficult to inquire as to the exact details of that conversation. She had trouble recalling exactly who was at that meeting. She wasn't sure if Laura Thanore was in attendance for that or not. But doesn't that ultimately become a jury question? I mean, she's examined on that. She's testifying. You do a good job showing that her recollection isn't terrific. Jury makes a determination. Yes, and they struggled mightily with that, Your Honor. They sent back notes on that issue. They seemed to have trouble determining whether this was a Hobbs Act robbery for Percocet or the proceeds of Percocet sales or whether they thought it was just for cash. That was a central issue in their deliberation. And, in fact, the jury did acquit on the drug trafficking charge. So they apparently did not credit part of Ms. Hutchison's claim that the plan was to rob drugs to then resell them to raise funds. So they found no intent to possess. This is just an odd situation because it's not clear that if her memory was better, that would be to your advantage. Certainly that's the case, Your Honor, and this is the kind of thing that is important. No, no, I'm saying it's not obvious that if her memory was better, it would be to your advantage. Absolutely. So it helps you in a way that you could make the case that she likely didn't remember the key fact. So that's an odd form of a prejudice argument. Well, it's that the delay made it so that their main witness would have had a fading memory. Well, her memory, if it had been more accurate, may have been more to our favor. There's really no way to know. And this Court has recognized repeatedly that there is no way to show who is more prejudiced by a fading recollection or the passage of time. And so that tends to erode the fairness of a trial and tends to favor the defense claim of a speedy trial violation. Thank you. Thank you. Good morning, Your Honors. May it please the Court, Benjamin Block on behalf of the United States. Do you want to give us your opening pitch as to what's alive and what's not? Yes. I anticipated that would be your first question. I agree with opposing counsel that the Count 4 and Count 7 924C convictions must be vacated based on the Supreme Court decision in Davis. That moots the Elaine, the error that was claimed. I also, as you know from my 28J letter, believe that it should moot the sentencing issues. And let me explain why. The career offender determination at the time of the original sentencing involved a 924C conviction, which left the guidelines under the career offender range as 360 to life with a base offense level of 37. I disagree that conspiracy to commit Hobbs Act robbery would not be a career offender predicate. I think it's clear from the advisory notes to Section 4B1.1 of the guidelines that conspiracy to commit a crime of violence qualifies as a career offender triggering offense. But because it has a statutory maximum of 20 years, that means that the base offense level would only be 32. And my assessment of the recalculated guidelines indicates that his non-career offender guideline range may in fact be higher than 32. So I think there's a real possibility that we will not be pushing a career offender request on remand. What's that mean? A real possibility that you wouldn't? I think this is a situation in which the district court deserves the opportunity to address at a fresh resentencing. Well, it already addressed the conspiracy to commit Hobbs Act robbery is whether it qualifies. So is that now, are you going to be arguing below? Well, you already decided that. Or is that now something that they can challenge on appeal and that if that's going to be a live issue at sentencing? I mean, I'm not saying you don't have a right to make it a live issue at sentencing, but if you're going to make it a live issue at sentencing, don't we need to pass on whether the district court was right to treat conspiracy to commit Hobbs Act robbery as a triggering offense under the guideline? I would suggest that you don't because this court, as a general proposition, does not decide questions of law that it does not need to. It's unclear whether not only the career offender determination, but also the criminal history claims that have been brought, which the district court never actually ruled on below because of the career offender finding. This court doesn't need to decide those questions. And after a re-sentencing, the defendant would retain the ability to file a notice of appeal regarding whatever issues. You won't argue law of the case at that point because I'm not having challenged the ruling below on conspiracy to commit Hobbs Act robbery qualifying? No, if this case went back and a career offender determination was again made by the district court and that was appealed, we certainly would not issue law of the case if our position now is that this case should be remanded for a full re-sentencing on count two. And particularly with respect to the criminal history allegations where the district court never made a ruling on those claims, we would suggest that it would be best for the district court to take the first stab at those. To address first Mr. Lara's speedy trial claims, this court has been clear in previous decisions such as Sousa that a delay of 18 months is not extreme. And the delay we're talking about here was 17 months and 20 days. And if you look at the actions of Mr. Lara below, the motions that he filed, which included a motion to sever, joined her in a motion to dismiss a portion of the 924C counts and motions eliminate, that covered approximately nine and a half months from the filing of those motions until resolution of those motions out of the 17 months. About half of the time. Well, do you disagree that the delay triggers the presumption? No. Presumptively, beyond 12 months, there is a presumption of prejudice. But again, that's merely a triggering mechanism. If there's a presumption, then the burden shifts to you to show no prejudice? I don't believe that... Usually presumptions shift the burden. Yes. Yes, Your Honor. And I confess in my reading of the case law, despite the discussion of presumptively prejudicial, I didn't see specific reference to it being the government's burden. I know that the court needs to take the four factors into account collectively. I believe it's still the defendant's burden to show prejudice in the totality of the four factors that the court considers. And certainly the reasons for the delay here deal largely with co-defendant motions and Mr. Lara's own motions. And as was discussed earlier in the argument, there's really been no showing of prejudice here. There's no showing that the confining conditions were unduly oppressive. There's no out-of-the-ordinary anxiety that Mr. Lara suffered. And there's been no showing that any of the trial evidence, that any witnesses could have been presented by Mr. Lara, who would have been beneficial to him, but he was not able to because of the delay. I assume your argument is that Heitner was already dead when all this happened. Yes, he died several months before the government indicted the case. And under Dowdell, it's very clear that the law of this circuit is that state proceedings do not count towards the speedy trial assessment. I would like to also address the instructional error claims that were made by Mr. Lara and Mr. Williams. And I think that this is a circumstance in which a waiver absolutely should be enforced with respect to the claims of instructional error. This court's made very clear in cases such as Sharp, Nile. With respect to the felon in possession, the Raiffe issue. Oh, I could address Raiffe if you would like me to. This court's already determined in the Burkhart decision that an error in pleading a 922G count that arose from the fact that it predated the decision in Raiffe is not a structural error. It doesn't require dismissal of the indictment on the instructional part of it, though. Yes, on the instructional part, I would suggest that there's no prejudice here. First of all, what's the evidence that he knew he had served, that he was a felon when he was in possession of the weapon? Right, so in terms of the evidence that was actually admitted at trial, there are two pieces of critical evidence. One is a stipulation that Mr. Williams agreed to, indicating that he had previously been convicted of a felony. And I think that the jury could infer from that that he... But for purposes of prejudice, that's why there's not a sufficiency problem. When you have an instructional error, the mere fact that a jury had sufficient evidence isn't enough to show there's no prejudice. Well, here, I thought the question was whether he can meet his burden of showing that it's probable that it had an impact on the... Deleasable probability that it had an impact on the jury. All you have is a stipulation that doesn't say anything more than that there was a conviction. Right, well, here the absence of evidence was the result of a strategic choice by... Yeah, but at the time it was a strategic choice because that's what the understanding of what the law was. That may be so, but it still means that he wasn't prejudiced by that, had he... He's prejudiced now by a conviction that the claim is he's prejudiced now by a conviction that doesn't track the elements that need to be shown. And the only evidence before the jury as to that element is, in his view, maybe sufficient to ground the conviction, but no more than that. Well, I would argue that if the evidence is sufficient, then... It's clear under our case law that merely sufficient evidence isn't enough to defeat the claim of prejudice. I would also argue that to the extent that there is prejudice here, that prejudice is a consequence of Mr. Williams' own trial choices. Had he chosen not to stipulate to his felony conviction, the government had records, which have been submitted as part of the Record on Appeal, had evidence that would have gone before the jury... But under Old Chief he was entitled, given what the law was, to make that stipulation at the time. It was nothing. No one foresaw what the change in the law was. You didn't foresee it, they didn't foresee it. Now we have a conviction where we know what the law is, and the only evidence in the record to support it was that stipulation. Well, if the question is, would the outcome of the proceeding have been different? Probably. Was there a reasonable probability that it would have been different? Yes, if there's a reasonable probability that it would have been different, had Ray Haif been decided prior to the trial, then the government would have had that evidence to introduce. If this case is remanded, if that conviction is vacated and remanded for retrial, the evidence that you have seen in the record appendix, including a transcript from the plea colloquy for his main robbery conviction, which is contained in, according to William's appendix at page 472, in which he's advised by the main state court judge that the robbery to which he's pleading guilty has a 10-year maximum sentence and a 5-year maximum for the assault conviction, that evidence would be introduced in a new trial. And so our position is that you don't need to vacate... Do you have any case that shows that you lose on prejudice because of evidence that was not in the record, but that could be put in in a case if it goes back on remand? I don't know of any case that says that we look at prejudice based on what could be entered into the record rather than what was in the record before the jury. No, but I think that where the absence of that evidence is a product of the defendant's strategic choice, the court can take that into consideration in determining whether... Under prong four or what? Yes, absolutely under prong four. Do you have a case saying that? Not at the tip of my tongue, Your Honor, no. No. Okay. With respect to the other instructional errors that are claimed as regarding the general instructions as to Hobbs Act conspiracy and the responses to the jury notes, we would suggest that the record is very clear that these instructions were affirmatively assented to by counsel. And indeed, the instruction that the Hobbs Act conspiracy was focused on drugs or drug proceeds, that instruction was specifically requested by Mr. Williams. So to have him now challenge that as a constructive amendment to the indictment should fail. He also affirmatively assented in the record to each of the responses to the jury notes. And I think the case is clear for waiver under this court's precedents, such as Sharp 996 F2nd 125, Martyr 48 F3rd 564. Recently in Drumgold v. Callahan, 707 F3rd 28, this court cited Brady Miller for the proposition that invited error applies in the context of jury instructions. Going back to your last argument, how do you respond to that 28J letter that was filed? By Mr. Williams? Yes. I would suggest that the convictions that we relied on to indicate that he had prior convictions exceeding one year and knowledge thereof were not misdemeanors. His 2008 Massachusetts conviction for larceny from a person with an 18-month sentence, I don't believe that was charged as a misdemeanor. Certainly the main robbery and aggravated assault convictions were charged as felonies. He received an 18-month sentence concurrent on both of those offenses and was advised by the court of the maximum possible sentences. So you don't think that the quirkiness of the mass statute impacts the classification of that mass conviction? I don't believe so. And even if it does, I think it is not dispositive in light of the clear record with respect to the main conviction. And unless there are any further questions, we would ask the court to affirm the convictions. Just on the main convictions, I think I may have interrupted. You said there were two critical reasons why there was no prejudice. One was the stipulation, which we talked about. And then the other, I assume, was these other convictions? Oh, in terms of the trial evidence, I was going to say also that there was testimony about Heidi Hutchinson, Mr. Williams asking Heidi Hutchinson to purchase ammunition for him. There was testimony that he asked Heidi to store the guns for him, all which the jury could have used to infer that he knew he was prohibited. Thank you very much. Thank you. So there were no strategic decisions that were made with respect to the felon in possession count because my client didn't know what the law was and no one knew what the law was. And if he had had the opportunity to make strategic decisions, there were many strategic decisions that could have been made. As I stated, these first three alleged felonies were prosecuted in the Boston Municipal Courtroom, and that means that no state prison sentence was permissible, and so they would have been treated as misdemeanors under state law. So the question is not only maybe they might be convictions, but the question is whether he knew they were convictions and whether he had an opportunity to defend the allegation that he knew that they were convictions. What about the main? The main, I would, Mr. Williams tendered a no-low plea, a plea of no contest, so there's a legitimate question whether a plea of no contest would qualify as a conviction under state law. And so, and with respect to... I mean, you have to have an answer to that. I'm sorry, Your Honor? You need to have an answer to that. Either it does or it doesn't. Well, main classifies its offenses as class A, B, C, D, or E, and I could not find an answer to whether or not a no-low plea, a case addressing that directly. I think that it would be considered a conviction under main law, but again, the question is whether or not the government would have had to prove both probable cause to a grand jury and beyond a reasonable doubt to the jury whether he knew it was a conviction, whether he knew he had the prohibited status under federal law.  Thank you.